UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

J.R. PETTWAY,

    Plaintiff,

v.                                                          No. 19-11201

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Before the court is Plaintiff J.R. Quinton Pettway Bey's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The court granted Plaintiff leave to proceed without prepayment of the filing fee for this action. (ECF No. 4.) Plaintiff, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, sues the Michigan Department of Corrections ("MDOC"), Corizon Health Care Inc., and various employees of the MDOC, the Charles Egeler Reception Guidance Center ("RGC"), and the Duane Waters Hospital. Specifically, Plaintiff raises claims arising from his exposure to mold while confined at the RGC in August 2018, which he alleges have caused him substantial lung and breathing problems. He also brings claims for lack of proper medical care while confined at JCF and the use of excessive force by a JCF corrections officer. He sues the MDOC in its official capacity, certain defendants in their individual capacities, and certain defendants in both capacities. He seeks injunctive relief and monetary damages. Having reviewed the

complaint, the court concludes that it must be dismissed in part based upon Eleventh Amendment immunity.

## I.  DISCUSSION

Plaintiff has been granted leave to proceed without prepaying the filing fee in this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While notice pleading does not require detailed factual allegations, it does

require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint against certain defendants must be dismissed, in part, based on immunity. Plaintiff sues the MDOC and several MDOC defendants in their official capacities for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity

when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, Plaintiff's claims for monetary damages against the MDOC and MDOC employees sued in their official capacities must be dismissed because these defendants are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545.

The court finds that Plaintiff's claims against the defendants concerning his exposure to mold and related lung and breathing problems, lack of proper medical care, and the use of excessive force by a corrections officer are not otherwise subject to summary dismissal. While these claims are sufficient to survive summary dismissal at the screening stage, the court makes no finding as to the substance of these claims.

## II. CONCLUSION

Based upon the foregoing discussion, the court concludes that the MDOC and the defendants sued in their official capacities are entitled to Eleventh Amendment immunity. The court will dismiss with prejudice Plaintiff's claims for monetary damages against those defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. Plaintiff's claims against the defendants concerning his exposure to mold, related lung and breathing problems, lack of proper medical care, and use of excessive force are not subject to summary dismissal. Accordingly,

IT IS ORDERED that Plaintiff's claims against Defendant MDOC and against Defendants Lindsey, Howard, Johnsen, Kisor, Hallet, Stokely-Hamdan, Landfair, Jamsen, Austin, and P.A. Jane Doe #2 in their official capacities are DISMISSED WITH PREJUDICE.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: June 5, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 5, 2019, by electronic and/or ordinary mail.

                    s/Lisa Wagner
                    Case Manager and Deputy Clerk
                    (810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-11201.PETTWAY.1915.partial.dismissal.HEK.docx