UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.R. PETTWAY,

        *Plaintiff*,

v.

JERRY BUSH, et al.,

        *Defendants*.

_____/

CASE NO. 19-11201
DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT & RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND TO DENY ALL PENDING MOTIONS AS MOOT (ECF Nos. 36, 40)

**I.**    **Introduction and Recommendation**

In this prisoner civil rights case, *pro se* Plaintiff J.R. Quinton Pettway claims that Defendants (prison staff and officials) acted with deliberate indifference, in violation of his Eighth Amendment rights, by subjecting him to toxic black mold, leading to a host of serious medical conditions which Defendants failed to adequately treat. (ECF No. 1.) He also alleges that one Defendant assaulted him when he fainted and fell in December 2018 due to his poor physical condition. (*Id.*, PageID.18.) Plaintiff has failed to update his address and the court's attempted service of documents has been unsuccessful as Plaintiff's mail has been returned as undeliverable since February 2020.

Consequently, I **RECOMMEND DISMISSING** this case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute. I further recommend that the currently pending motions for partial summary judgment (ECF No. 36) and for

1

summary judgment (ECF No. 40) be **denied as moot**.

## II.     Report

According to MDOC records, Plaintiff was paroled on January 22, 2020 and he has been in absconder status since March 12, 2020. https://mdocweb.state.mi.us/otis2. Plaintiff has also failed to update his address in this case and court mail has been returned as undeliverable. (ECF Nos. 38, 42, 43.)

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, Plaintiff has pursued his case until several months ago. His current inactive status in the case is, however, definitely due to his own fault since he has failed to update the court as to his address and has failed to take any action in the case since he was paroled in January and absconded in March. Consequently, the first factor weighs in favor of dismissal.

Regarding the second factor, Defendants are prejudiced by Plaintiff's abandonment of the case. As to third factor, since Plaintiff not only abandoned the case but also absconded, the Court had no occasion to provide Plaintiff with any warnings that if he did not cooperate, his case would be dismissed.

Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal

is the only appropriate remedy available."). The fourth factor therefore weighs in favor of dismissal.

Thus, all four factors support dismissing Plaintiff's case and I recommend dismissal for failure to prosecute. See, *Lowther v. Blackman*, 2020 WL 1191074, at *3 (W.D. Mich. Feb. 18, 2020)(where plaintiff abandoned case and absconded from parole, the case would be dismissed for failure to prosecute under 41(b)).

### C. Conclusion

Accordingly, I **RECOMMEND** that the case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

### III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 20, 2020                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: March 20, 2020                               By s/Kristen Castaneda
                                                   Case Manager

5